IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00051-CR

 

Regina Marie Dollarhide,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. F41503

 



MEMORANDUM  Opinion



 

Appellant has filed a motion to dismiss
her appeal.  See Tex. R. App.
P. 42.2(a).  We have not issued a decision in this appeal.  Appellant
personally signed the motion.  Accordingly, the motion is granted, and the appeal
is dismissed.

 

REX D. DAVIS

Justice

 




Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Motion
granted; appeal dismissed

Opinion
delivered and filed June 16, 2010

Do
not publish

[CR25]








 






e Davis substantially complied, we have all the information, verified as required or
authorized, to request a response or to deny the petition.  I would request a
response to confirm what I believe is the reason the petition for expunction
has not been acted upon by the trial court.

Merits Review

            Davis filed a petition for the
expunction of records in the 361st District Court, the Honorable Judge Steve
Smith presiding.  Now that we have a copy of the expunction petition, it is
clear that the records Davis seeks to have expunged are from a proceeding
before Judge Smith when Judge Smith was judge of County Court at Law No. 1, not
the 361st District Court.  The petition for expunction has to be filed in the
court where the proceeding to be expunged was originally filed and not the
court wherein the judge now sits.  Thus, Davis has filed the expunction
petition in the wrong court.  

            Because Judge Smith has no duty to
rule on an expunction motion filed in the wrong court, and at best all he could
do is dismiss the improperly-filed proceeding, I concur in the Court’s denial
of Davis’s petition for writ of mandamus, but not the reasoning thereof. 
Accordingly, while it may be the best practice for the trial court judge to
promptly dismiss a petition for expunction when it is filed with the wrong
court, I can concur in the denial of the petition.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Concurring
opinion delivered and filed August 25, 2010